# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONCE,<br><br>              Plaintiff,<br><br>   v.<br><br>HANFORD POLICE DEPARTMENT K-9 UNIT,<br><br>              Defendant. | Case No. 1:21-cv-1045-DAD-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff David Ponce ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on July 2, 2021, is currently before the Court for screening. (Doc. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the Kings County Jail.[1] The events in the complaint are alleged to have occurred in the City of Hanford, in the County of Kings. Plaintiff names the Hanford Police Department K-9 Unit as the sole defendant.

In Claim I, Plaintiff asserts a violation of his Fourth Amendment right to be free from unreasonable searches and seizures. He alleges that an unidentified police officer did not ask or tell him to put his hands up or that he was arrested. The police officer asked Plaintiff his name and after Plaintiff told the officer his name, the officer let the dog out. While the dog was biting Plaintiff, the peace officer was kicking Plaintiff in the back of the head at least five times. Plaintiff contends that he has over 62 dog teeth that ripped through his flesh.

In Claim II, Plaintiff asserts a violation of the Ninth Amendment. He alleges that the peace officer was kicking him in the head while the K-9 was biting him.

In Claim III, Plaintiff asserts a violation of his Fifth Amendment right to due process. He

---

[1] The complaint is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner. In any amended complaint, Plaintiff should clarify his status.

alleges that the peace officer did not approach him directly to obtain a positive ID, did not confirm his identity, and did not place him in handcuffs for a proper interview before releasing the K-9.  Plaintiff contends that he showed no resistance.

Plaintiff seek monetary and declaratory relief.

### III.     Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

#### A.     Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly allege when or where the events at issue occurred or the circumstances surrounding those events.  He also fails to allege who was involved, naming only an unidentified "peace officer."   If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

#### B.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected,
> any citizen of the United States...to the deprivation of any rights, privileges, or

3

>immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's complaint names only the Hanford Police Department K-9 Unit. He does not include allegations linking the K-9 unit or the Hanford Police Department to a constitutional violation or otherwise identify any individual defendant. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights.

If Plaintiff does not know the identity of the person(s) responsible, he may name them as "John Doe." Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities, or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko,* 643 F. Supp. 1172, 1180 (N.D. Cal. 1986); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008).

**C.     Hanford Police Department K-9 Unit**

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the

alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs*., 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty*., 811 F.2d 1243, 1245 (9th Cir.1987)).

In this instance, Plaintiff names the Hanford Police Department K-9 Unit as the sole defendant. However, it appears that the proper defendant may be the Hanford Police Department. The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a police department is "person" under § 1983 and a proper defendant for § 1983 claims. *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue). However, certain courts, including the district judge assigned to this action, have found that a police department may be sued as a "person" under § 1983. *See*, *e.g.*, *Estate of Pimentel v. City of Ceres*, No:1:18-cv-01203-DAD-EPG, 2019 WL 2598697, at *2-*3 (E.D. Cal. Jun. 25, 2019) (rejecting argument that Ceres Police Department is not a "person" within meaning of § 1983; denying defendants' motion for judgment with respect to plaintiff's claims against Ceres Police Department).

Under section 1983, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by the Hanford Police Department.

**D.     Excessive Force**

A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; see

5

*Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), cert. denied, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Here, Plaintiff fails to allege the circumstances surrounding the alleged use of force, including when it happened, where it happened and who was involved. As pled, the Court cannot find that Plaintiff has stated a cognizable excessive force claim.

### E.   Unlawful Arrest

Plaintiff appears to assert a claim for unlawful arrest. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*,

6

943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).  Here, Plaintiff's complaint fails to allege facts to support a lack of probable cause for his arrest.

### F. Ninth Amendment

Plaintiff alleges a Ninth Amendment claim in conjunction with his Fourth Amendment excessive force claim.  The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). While "[i]t has been argued that the ninth amendment protects rights not enunciated in the first eight amendments[,] "the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg*, 791 F.2d at 748.  "Causes of action based on the Ninth Amendment fail to state a legal claim." *Williams v. Fresno Cty. Dep't of Soc. Servs.*, No. 1:21-cv-00596-DAD-SAB, 2021 WL 3033578, at *6 (E.D. Cal. July 19, 2021) (citing *Ralls v. Facebook*, 221 F.Supp.3d 1237, 1245 (W.D. Wash. 2016)).

### G. Declaratory Relief

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff

an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 9, 2021**              /s/ *Barbara A. McAuliffe*              
                                         UNITED STATES MAGISTRATE JUDGE