# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HANFORD POLICE DEPARTMENT K-9 UNIT,<br><br>　　　　Defendant. | Case No. 1:21-cv-1045-DAD-BAM<br><br>SECOND SCREENING ORDER GRANTING LEAVE TO AMEND<br><br>(Doc. 5)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff David Ponce ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On August 9, 2021, the Court screened Plaintiff's complaint and granted him leave to file an amended complaint. (Doc. 4.) Plaintiff's first amended complaint, filed on August 19, 2021, is currently before the Court for screening. (Doc. 5.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at the Kings County Jail.[1]  Plaintiff names the following defendants:  Hanford Police Department and Officer Scandura.

In Claim 1, Plaintiff asserts a violation of the Fourth, Eighth and Ninth Amendments to the United States Constitution.  In relevant part, Plaintiff alleges as follows:

> I was illegally searched by police officer after he let the K9 dog go on me for no reason.  The dog wripped [sic] into my flesh all the while K9 handler was violently striking me in the back of the head, and kicking me.  Plaintiff asserts he suffered over 62 bites and has the K9 teeth marks (scars) to show proof.  As a result of this illegal search & seizure I suffered a loss of my belongings and emotional distress.  I did nothing wrong to warrant this police brutality & excessive force.  All this started on 7th St. in Hanford, CA at the United Market Bus Stop on 3-22-21 and then let the dog go on me.  A block away is where the dog got me while I was defending myself from such excessive force.

(Doc. 5 at 3-4.)

---

[1] The amended complaint is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner.  In any amended complaint, Plaintiff should clarify his status.

2

In Claim 2, Plaintiff asserts a violation of his right to be free from cruel and unusual punishments. He alleges as follows:

> Officer Scandura had no right to put me in harms way nor to endanger my life the way he did. The excessive force and police brutality suffered was inhumane and cruel & unusual punishment. I was physically & mentally abused by this officer. Defendant is named accordingly "See Exhibit B"

(Doc. 5 at 4.)

Plaintiff seeks monetary and declaratory relief, along with a request that defendants be prosecuted.

### III.     Discussion

As with his original complaint, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Because he is proceeding pro se, Plaintiff will be granted a final opportunity to amend his complaint to the extent that he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

### A.     Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's amended complaint is short, it is not a plain statement of his claims. As discussed more fully below, the amended complaint does not clearly allege the circumstances surrounding the alleged events, including the circumstances prior to the release of the K-9 dog. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was

involved. Fed. R. Civ. P. 8.

### B.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

As a preliminary matter, Plaintiff's amended complaint does not include any factual allegations linking Defendant Scandura to any specific conduct.  Rather, in his first claim for relief, Plaintiff only refers to the "K9 handler."  Absent specific factual allegations linking Defendant Scandura to a constitutional violation, the Court will not presume that Plaintiff's allegations in their entirety refer to Defendant Scandura.  Plaintiff will be granted an additional opportunity to amend his complaint to include factual allegations linking any act or omission by Defendant Scandura to any alleged deprivation of Plaintiff's constitutional rights.

Plaintiff's amended complaint also names the Hanford Police Department, but Plaintiff does not include allegations linking the Hanford Police Department to a constitutional violation. The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a police department is "person" under § 1983 and a proper defendant for § 1983 claims.  *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983

claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue). Certain courts, including the district judge assigned to this action, have found that a police department may be sued as a "person" under § 1983. *See*, *e.g.*, *Estate of Pimentel v. City of Ceres*, No:1:18-cv-01203-DAD-EPG, 2019 WL 2598697, at *2-*3 (E.D. Cal. Jun. 25, 2019) (rejecting argument that Ceres Police Department is not a "person" within meaning of § 1983; denying defendants' motion for judgment with respect to plaintiff's claims against Ceres Police Department). Therefore, the Hanford Police Department may be sued in this action.

Under section 1983, however, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

As with his original complaint, Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by the Hanford Police Department. Plaintiff will be granted a final opportunity to cure this deficiency to the extent that he is able to do so.

**C.    Excessive Force**

A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; see *Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), cert. denied, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Plaintiff's amended complaint fails to state a cognizable claim for excessive force against Defendant Scandura, Defendant Hanford Police Department or any other defendant. Plaintiff does not allege that Defendant Scandura or any other police officer was present, what Plaintiff was doing immediately before the events, why and under what circumstances Defendant Scandura or any other police officer was present, what Plaintiff was doing before, during and after the K9 was released. Plaintiff also does not allege specifically that he was not actively resisting arrest or was not attempting to evade arrest by flight. In other words, Plaintiff's amended complaint fails to provide sufficient detail regarding the circumstances surrounding the alleged incident for the Court to conclude that he has stated a cognizable excessive force claim.

### D. Unlawful Arrest

Plaintiff's amended complaint invokes the equal protection clause. However, the underlying claim appears to be one for unlawful arrest. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943

6

1   F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir.
2   1986)).

3         Here, Plaintiff's amended complaint fails to allege facts to support a lack of probable
4   cause for his arrest. Plaintiff does not include any allegations concerning the events leading up to
5   his apparent arrest, whether his current detention is related to allegations in the complaint or any
6   other factual allegations to state a cognizable claim for unlawful arrest. Additionally, Plaintiff's
7   sparse and otherwise vague allegations are insufficient for the Court to determine if any
8   jurisdictional or procedural bar may apply to his unlawful arrest claim.

9         **E.    Ninth Amendment**

10        Plaintiff again alleges a Ninth Amendment claim in conjunction with his Fourth
11  Amendment excessive force claim. The Ninth Amendment provides that "the enumeration in the
12  Constitution, of certain rights, shall not be construed to deny or disparage others retained by the
13  people." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). While "[i]t has been
14  argued that the ninth amendment protects rights not enunciated in the first eight amendments[,]"
15  "the ninth amendment has never been recognized as independently securing any constitutional
16  right, for purposes of pursuing a civil rights claim." *Strandberg*, 791 F.2d at 748. "Causes of
17  action based on the Ninth Amendment fail to state a legal claim." *Williams v. Fresno Cty. Dep't*
18  *of Soc. Servs.*, No. 1:21-cv-00596-DAD-SAB, 2021 WL 3033578, at *6 (E.D. Cal. July 19, 2021)
19  (citing *Ralls v. Facebook*, 221 F.Supp.3d 1237, 1245 (W.D. Wash. 2016)).

20        **F.    Declaratory Relief**

21        In addition to monetary damages, Plaintiff seeks a declaration that his rights were
22  violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as
23  a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of*
24  *Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will
25  neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate
26  the proceedings and afford relief from the uncertainty and controversy faced by the parties."
27  *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).
28  ///

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### G. Prosecution of Defendants

Plaintiff appears to seek referral of defendants for criminal prosecution. As a private citizen, Plaintiff has no authority to criminally prosecute anyone. *Turner v. Salorio*, No. 1:19-cv-01620-DAD-BAM (PC), 2020 WL 1974207, at *3 (E.D. Cal. Apr. 24, 2020).

### IV. Conclusion and Order

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a **final** opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 24, 2021**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE