# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONCE, | Case No. 1:21-cv-1045-DAD-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| HANFORD POLICE DEPARTMENT K-9 UNIT, | (Doc. 9) |
| Defendant. | |

Plaintiff David Ponce ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On August 9, 2021, the Court screened Plaintiff's complaint and granted him leave to file an amended complaint. (Doc. 4.) Plaintiff filed a first amended complaint on August 19, 2021. (Doc. 5.) On August 24, 2021, the Court screened Plaintiff's first amended complaint and granted him a final opportunity to amend his complaint. (Doc. 8.) Plaintiff's second amended complaint, filed on September 7, 2021, is currently before the Court for screening. (Doc. 9.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the Kings County Jail.[1] He names the following defendants: Officer Brian Scandura and the Hanford Police Department K9 Unit.

Plaintiff asserts a violation of the Fourth, Eighth and Ninth Amendments to the United States Constitution, alleging illegal search and seizure, excessive force/cruel and unusual punishment, and protected rights. He alleges as follows:

> On 3/22/21 I was accused of violating P.C. § 215A in which Officer Scandura pulled over and asked my name. Once I stated my name K9 Enzo was released without warning by Scandura. I began to run for my safety. The K9 Enzo caught me by my behind (butt) which sat me down and began to maul at me biting into my arm. I was screaming. That's when Officer Scandura shoved and struck me with closed fists to side of face while dog was still attacking me. I sat up and was kicked in the head numerous times and ordered dog to continue attacking me while I was

---

[1] Plaintiff has not clarified whether he is a pretrial detainee or convicted prisoner.

>down. At no time did I have a weapon nor ordered to put my hands up nor refused any commands. The dog attacked violently per Scandura's command which left over 62 dog bites in my flesh.

(Doc. 9 at 5-6.) Plaintiff asserts that he suffered physical, mental, and emotional distress. He seeks monetary and injunctive relief, along with a request that defendants be brought to justice, retrained, and demoted. (*Id.* at 7.)

### III. Discussion

#### A. Hanford Police Department K-9 Unit

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.1987)).

In this instance, Plaintiff names the Hanford Police Department K-9 Unit as a defendant. As previously explained to Plaintiff, it appears that the proper defendant may be the Hanford Police Department. The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a police department is "person" under § 1983 and a proper defendant for § 1983 claims. *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue). Certain courts, including the district judge assigned to this action, have found that a police department may be sued as a "person" under § 1983. *See*, *e.g.*, *Estate of Pimentel v. City of Ceres*, No:1:18-cv-01203-DAD-EPG, 2019 WL 2598697, at *2-*3 (E.D. Cal. Jun. 25, 2019) (rejecting argument that Ceres Police Department is not a "person" within meaning of § 1983; denying defendants' motion for judgment with respect to plaintiff's claims against Ceres Police Department). Therefore, the Hanford Police Department may be sued in this action.

///

Under section 1983, however, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

As with his original and amended complaints, Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by the Hanford Police Department. Despite multiple opportunities to cure this deficiency, Plaintiff has been unable to do so. Further leave to amend this claim is not warranted.

**B. Excessive Force**

A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; see *Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), cert. denied, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

According to Plaintiff's second amended complaint, it appears that he was attempting to evade arrest by flight following release of the K9 Enzo. However, once Plaintiff was pulled down, Officer Scandura allegedly struck and kicked Plaintiff in the head and ordered the K9 to continue attacking Plaintiff while he was down. Plaintiff alleges that he did not have a weapon and did not refuse any commands. Liberally construing the allegations in the second amended complaint, the Court finds that Plaintiff alleges a cognizable claim for excessive force in violation of the Fourth Amendment against Officer Scandura.

**C. Unlawful Arrest**

Although unclear, Plaintiff may be attempting to assert a claim for unlawful arrest. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).

Here, Plaintiff's second amended complaint fails to allege facts to support a lack of probable cause for his arrest. Plaintiff reports that he was accused of violating Penal Code § "215A," which appears to correspond with California Penal Code § 215(a), Carjacking. Plaintiff does not include any allegations concerning the events leading up to his apparent arrest, whether his current detention is related to allegations in the complaint or to an alleged violation of Penal Code § 215(a), or any other factual allegations to state a cognizable claim for unlawful arrest. Despite multiple opportunities to cure this deficiency, Plaintiff has been unable to do so. Further leave to amend this claim is not warranted.

///

**D. Ninth Amendment**

Plaintiff again improperly alleges a Ninth Amendment claim. As Plaintiff has been informed, the Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). While "[i]t has been argued that the ninth amendment protects rights not enunciated in the first eight amendments[,] "the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg*, 791 F.2d at 748. "Causes of action based on the Ninth Amendment fail to state a legal claim." *Williams v. Fresno Cty. Dep't of Soc. Servs.*, No. 1:21-cv-00596-DAD-SAB, 2021 WL 3033578, at *6 (E.D. Cal. July 19, 2021) (citing *Ralls v. Facebook*, 221 F.Supp.3d 1237, 1245 (W.D. Wash. 2016)). Plaintiff therefore may not pursue a claim based on the Ninth Amendment.

**IV.    Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's second amended complaint states a cognizable claim against Officer Scandura for excessive force in violation of the Fourth Amendment, but fails to state any other cognizable claim against any other Defendant.

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's second amended complaint, filed on September 7, 2021, against Officer Brian Scandura of the Hanford Police Department for excessive force in violation of the Fourth Amendment; and
2. All other claims and defendants be dismissed from this action, without prejudice, based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 18, 2021**                    /s/ Barbara A. McAuliffe
                                                 UNITED STATES MAGISTRATE JUDGE