1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID PONCE,                              No.  1:21-cv-01045-DAD-BAM

12              Plaintiff,

13        v.                                   ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS IN PART AND
14   HANFORD POLICE DEPARMENT K-9              DISMISSING CERTAIN CLAIMS AND
     UNIT,                                     DEFENDANTS WITHOUT PREJUDICE
15
              Defendant.                       (Doc. No. 10)
16

17

18        Plaintiff David Ponce is a county jail inmate proceeding *pro se* and *in forma pauperis* in

19   this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States

20   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On October 18, 2021, the assigned magistrate judge issued findings and

22   recommendations, recommending that this action proceed only on plaintiff's second amended

23   complaint (Doc. No. 9) against Officer Brian Scandura of the Hanford Police Department for

24   excessive use of force in violation of the Fourth Amendment and that all other claims and

25   defendants be dismissed, without prejudice, based on plaintiff's failure to state a claim upon

26   which relief may be granted.  (Doc. No. 10. at 6.)  The pending findings and recommendations

27   were served on the plaintiff and contained notice that any objections thereto were to be filed

28   /////

1

within fourteen (14) days.  (*Id.* at 6–7.)  Plaintiff filed objections on November 5, 2021.  (Doc. No. 11.)

In his objections, plaintiff contends in conclusory fashion that the Hanford Police Department was the "moving force" behind policies, customs, and practices that violated his constitutional rights.  (*Id.* at 1.)  Plaintiff also argues that he just recently received evidence that the police department, in connection with his arrest, "did not follow general identification requirements," that the identification procedure was unduly suggestive and in violation of due process because only one photo was shown and the photo used was a booking photo, and that the Hanford Police Department disclosed information concerning his identity prior to obtaining the witness's statement.  (*Id.* at 1.)  These new allegations, which are not included in plaintiff's second amended complaint, are still insufficient to support a claim based on the asserted lack of probable cause for his arrest or a cognizable claim for unlawful arrest.  However, it is possible that these new factual allegations may be sufficient to allow plaintiff to assert a cognizable claim that the alleged constitutional violation was the result of a deliberate policy, custom, or practice instituted by the Hanford Police Department.  As such, plaintiff will be granted leave to amend his § 1983 claim against Hanford Police Department for the final time.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case, including plaintiff's objections.  Having carefully reviewed the entire file, including plaintiff's objections, the courts finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1.  The findings and recommendations issued on October 18, 2021 (Doc. No. 10) are adopted in full;

2.  This action shall proceed on plaintiff's second amended complaint filed on September 7, 2021 (Doc. No. 9) against Officer Brian Scandura of the Hanford Police Department for excessive force in violation of the Fourth Amendment;

3.  Plaintiff's claim pursuant to 42 U.S.C. § 1983 against the Hanford Police Department is dismissed without prejudice for failure to state a claim upon which

2

relief may be granted but with plaintiff being granted leave to amend and a final opportunity to allege a cognizable claim against the municipal defendant named in this action;

4.   All other claims are dismissed from this action without prejudice and without leave to amend due to plaintiff's failure to state claims upon which relief may be granted; and

5.   This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **November 22, 2021**

_____
UNITED STATES DISTRICT JUDGE

3