|   |   |
|---|---|
| DAVID PONCE, | No. 1:21-cv-01045-DAD-BAM |
| Plaintiff, | ORDER DISREGARDING PLAINTIFF'S THIRD AMENDED COMPLAINT |
| v. | (Doc. 12) |
| HANFORD POLICE DEPARTMENT K-9 UNIT, | ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO FILE THIRD AMENDED COMPLAINT IN COMPLIANCE WITH COURT'S ORDER |
| Defendant. | **THIRTY-DAY DEADLINE** |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff David Ponce is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 18, 2021, the undersigned magistrate judge issued findings and recommendations recommending this action proceed on plaintiff's second amended complaint, filed on September 7, 2021, against Officer Brian Scandura of the Hanford Police Department for excessive force in violation of the Fourth Amendment. (Doc. 10.) Plaintiff filed objections to the findings and recommendations on November 5, 2021. (Doc. 11.)

On November 22, 2021, the district court partially adopted the findings and recommendations, directing that the action proceed on plaintiff's second amended complaint

1

1  against Officer Brian Scandura of the Hanford Police Department for excessive force in violation
2  of the Fourth Amendment and granting plaintiff leave to amend his claim pursuant to 42 U.S.C. §
3  1983 against the Hanford Police Department that the alleged constitutional violation stemming
4  from the identification procedure was the result of a deliberate policy, custom, or practice
5  instituted by the Hanford Police Department. (Doc. 12 at 2-3.)  The district court referred the
6  matter back to the undersigned for further proceedings consistent with its order. (*Id.* at 3.)

7       On December 1, 2021, consistent with the district court's order, the Court issued an order
8  directing Plaintiff to file an amended complaint **limited** to his claim against Officer Brian
9  Scandura of the Hanford Police for excessive force in violation of the Fourth Amendment and his
10 claim pursuant to 42 U.S.C. § 1983 against the Hanford Police Department related to the
11 identification allegations. (Doc. 13 at 2) (emphasis added).

12      On December 15, 2021, Plaintiff filed a purported third amended complaint. (Doc. 14.)
13 Despite the Court's express instructions, the amended complaint omitted **any** claim against
14 Officer Brian Scandura and failed to include any allegations regarding a deliberate policy,
15 custom, or practice instituted by the Hanford Police Department related to the identification
16 procedure. Instead, Plaintiff appears to add claims against two new defendants: (1) a claim
17 against Hanford Police Officer Chandler Wyand, alleging that Officer Wyand did not follow
18 general identification procedure requirements; and (2) a claim against Hanford Police Officer
19 Ruben Cano for excessive force. Plaintiff also attempts to assert a "Biven's claim for retaliatory
20 prosecution" and generally alleges that Hanford Police Officers violated "policy, custom and
21 practice's and are the 'moving force' behind the constitutional violation . . . ." (*Id.* at 2.)

22      Plaintiff has not complied with the Court's December 1, 2021 order directing him to file
23 an amended complaint limited only to his claim against Officer Brian Scandura of the Hanford
24 Police Department for excessive force in violation of the Fourth Amendment and his claim
25 pursuant to 42 U.S.C. § 1983 against the Hanford Police Department related to the identification
26 allegations. Plaintiff's third amended complaint will be disregarded.

27      The Court clarifies that Plaintiff is granted leave to file an amended complaint **limited** to
28 (1) his claim against Officer Brian Scandura of the Hanford Police Department for excessive

force in violation of the Fourth Amendment; and (2) his claim pursuant to 42 U.S.C. § 1983 against the Hanford Police Department that an alleged constitutional violation stemming from the identification procedure was the result of a deliberate policy, custom, or practice instituted by the Hanford Police Department.

Plaintiff is warned that his amended complaint **should not** include any new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff files an amended complaint with new, unrelated claims, the Court will screen the complaint as filed and Plaintiff may not be granted leave to file another amended complaint. Plaintiff is further warned that he will not be granted further extensions of time to file an amended complaint without a showing of good cause.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's third amended complaint (Doc. 14) is DISREGARDED;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint limited only to (1) his claim against Officer Brian Scandura of the Hanford Police Department for excessive force in violation of the Fourth Amendment; and (2) his claim pursuant to 42 U.S.C. § 1983 against the Hanford Police Department that an alleged constitutional violation stemming from the identification procedure was the result of a deliberate policy, custom, or practice instituted by the Hanford Police Department; and

4. If Plaintiff fails to comply with this order, the Court may recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

Dated: **December 20, 2021**         /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE